Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Nicole A. Poltash (State Bar No. 323420)
Email: npoltash@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for Defendant
UNITED AIRLINES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL D. ASMUS, | Case No.: 5:26-cv-00962-BLF |
| Plaintiff, | **DEFENDANT UNITED AIRLINES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. RULE 12 (b)(6)** |
| vs. | |
| UNITED AIRLINES, INC., | |
| Defendants. | Hearing Date:   July 9, 2026 |
| | Time:   9:00 a.m. |
| | Courtroom:   1 |
| | Complaint Filed: January 30, 2026 |

Defendant United Airlines, Inc. ("United") submits its Reply in support of its Motion to Dismiss Plaintiff Paul D. Asmus' Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as follows:

/ /

/ /

/ /

/ /

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone:  (310) 388-4849

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................. iii

I.      INTRODUCTION ................................................................................................1

II.     ARGUMENT.......................................................................................................1

        A.      The Primary Premise of Plaintiff's Opposition is the ALJ Decision, Which Does Not Affect the Statutes of Limitations on His Time-Barred and Inadequately Pleaded Claims.................................................................................................1

                1.      The Complaint Alleges No Facts Showing the § 121.580 Decision Affects Limitations or Accrual ...................................................................................2

                2.      The Complaint Alleges No Facts Showing the ALJ Decision Establishes the Merits of Any Claim Against United ...................................................................3

        B.      Plaintiff's "Continuing Tort" Argument Does Not Save His Time-Barred Claims .................................................................................................3

        C.      United's September 4, 2025 Letter Does Not Constitute Defamation....................4

        D.      *McDonough v. Smith* Does Not Toll or Delay Accrual of the Statutes of Limitations for Plaintiff's Cause of Action ...........................................................6

        E.      Plaintiff Cannot Invoke Equitable Tolling...............................................................7

        F.      Plaintiff's Complaint Fails to State a Claim ...........................................................9

                1.      Defamation Per Se ...................................................................................... 9

                2.      Tortious Interference with Employment................................................ 9

                3.      Fraudulent Misrepresentation.....................................................................10

                4.      Civil Extortion.............................................................................................10

                5.      Intentional infliction of Emotional Distress ...........................................11

                6.      Civil Assault ...............................................................................................12

                7.      Tortious Interference with Federal Duties ...........................................12

        G.      Leave to Amend Should Not Be Granted .......................................................13

III.    CONCLUSION....................................................................................................13

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**TABLE OF AUTHORITIES**

**Cases**

*Addison v. State*,
21 Cal. 313 (Cal. 1978) ...............................................................................................................9

*Aryeh v. Canon Business Solutions, Inc.*,
55 Cal. 4th 1185 (Cal. 2013) ...................................................................................................3, 4

*Babb v. Superior Court*,
3 Cal. 3d 841 (Cal. 1971) ...........................................................................................................6

*Bradford v. Scherschligt*,
803 F.3d 382 (9th Cir. 2015) ......................................................................................................6

*CrossTalk Productions, Inc. v. Jacobson*,
65 Cal. App. 4th 631 (Cal. App. Ct. 1998) ...............................................................................11

*Flowers v. Carville*,
310 F.3d 1118 (9th Cir. 2002) ....................................................................................................4

*Geernaert v. Mitchell*,
31 Cal. App. 4th 601 (Cal. App. Ct. 1995) ...............................................................................10

*Gilbert v. Sykes*,
247 Cal. App. 4th 13 (Cal. Ct. App. 2007) .................................................................................9

*Grimes v. City and Cnty. of San Francisco*,
951 F.2d 236 (9th Cir. 1991) ......................................................................................................4

*Guevara v. Ventura Cnty. Cmty. College Dist.*,
169 Cal. App. 4th 167 (Cal. App. Ct. 2008) ..............................................................................8

*Hardy v. Vial*,
48 Cal. 2d 577 (Cal. 1957) .........................................................................................................6

*Jumaane v. City of Los Angeles*,
241 Cal. App. 4th 1390 (Cal. Ct. App. 2015) ............................................................................4

*Lewis v. Equitable Life Assurance Soc.*,
389 N.W.2d 876 (Cal. 1986) ......................................................................................................5

*Live Oak Publ'g Co. v. Cohagan*,
234 Cal. App. 3d 1277 (Cal. App. Ct. 1991) .............................................................................5

*McDonough v. Smith*,
588 U.S. 109 (2019) .................................................................................................................6, 7

*McKinney v. County of Santa Clara*,
110 Cal. App. 3d 787 (Cal. App. Ct. 1980) .............................................................................5, 6

*Potter v. Firestone Tire & Rubber Co.*,
6 Cal. 4th 965 1002 (Cal. 1993) ...............................................................................................11

*Randi W. v. Muroc Joint Unified Sch. Dist.*,
14 Cal. 4th 1066 (Cal. 1997) ....................................................................................................10

*Richards v. CH2M Hill, Inc.*,

26 Cal. 4th 798, 802; 811-18 (Cal. 2001)) ...............................................................................4

*Saint Francis Mem'l Hosp. v. State Dept. of Pubic Health*,
  9 Cal. 5th 710; 726-27 (Cal. 2020) ......................................................................................7

*Schaeffer v. Cavallero*,
  54 F. Supp. 2d 350 (S.D.N.Y. 1999) ...................................................................................11

*Tameny v. Atlantic Richfield Co.*,
  27 Cal. 3d 167 (Cal. 1980) ..................................................................................................12

*Thomas v. Regents of Univ. of Cal.*,
  97 Cal. App. 5th 587, 637 (Cal. App. Ct. 2023) ................................................................10

*Wassmann v. S. Orange Cnty. Cmty. College Dist.*,
  24 Cal. App. 5th 825, 853 (Cal. App. Ct. 2018) ................................................................10

*Yow v. Nat'l Enquirer, Inc.*,
  550 F. Supp. 2d 1179, 1183 (E.D. Cal. 2008) ......................................................................5

**Statutes**

42 U.S.C. § 1983 ..........................................................................................................................6

49 U.S.C. § 40113 .......................................................................................................................12

49 U.S.C. § 44902 ..............................................................................................................1, 2, 3, 13

Cal. Civ. Code § 45a .....................................................................................................................5

Cal. Civ. Code § 47(b) ..................................................................................................................9

Code of Civil Procedure § 335.1 ................................................................................................12

**Other**

14 C.F.R. §13.2 ...........................................................................................................................12

14 C.F.R. § 121.580 ..........................................................................................................1, 2, 3, 11

Fed R. of Civ. P. 12 ................................................................................................................10, 13

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone:  (310) 388-4849

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

## I.    INTRODUCTION

Plaintiff's Complaint should be dismissed because it arises from conduct that occurred in 2022 but was not filed until January 30, 2026, after the statutes of limitation on every asserted cause of action had expired. The Complaint pleads no facts that would support delayed accrual, tolling, or any doctrine that restarts the limitations period on any claim, and it also fails to allege facts sufficient to state a plausible claim for relief under the theories asserted.

Central to Plaintiff's Complaint and his opposition is his assertion that an administrative law judge's decision finding no violation of 14 C.F.R. § 121.580, both postpones accrual of his state-law claims in this lawsuit, and establishes their merits. However, Plaintiff's argument is misplaced and must be rejected because, as is apparent from the Complaint and its attachment, the decision concerned only whether the Federal Aviation Administration proved an "interference with crewmember duties" charge under § 121.580; it does not address, much less invalidate, United's independent safety-related decisions in 2022 under 49 U.S.C. § 44902, regarding whether Plaintiff's behavior during his interactions with other passengers and crew was, or might have been, inimical to flight safety.

Plaintiff's opposition simply doubles down on this mistaken premise and adds new factual allegations not found in the Complaint. Even if those unpled facts could be considered, they would not revive time-barred claims or cure the pleading defects in any cause of action. Amendment would therefore be futile, and the Complaint should be dismissed in its entirety, without leave to amend.

## II.    ARGUMENT

### A. The Primary Premise of Plaintiff's Opposition is the ALJ Decision, Which Does Not Affect the Statutes of Limitations on His Time-Barred and Inadequately Pleaded Claims

Plaintiff's opposition rests largely on his mischaracterization of the effect of the administrative law judge's ("ALJ") decision rejecting an "interference" charge prosecuted by the Federal Aviation Administration ("FAA") under 14 C.F.R. § 121.580. From there, Plaintiff leaps to the conclusion that the administrative determination postponed the accrual of his state-law claims against United and conclusively established the elements of those claims.    But the

Complaint fails to allege any facts or law showing that the outcome of a § 121.580 enforcement action—to which United was not a party—legally alters the accrual of, or the elements for, state-law tort claims against United that arise out of United's independent safety and security decision to remove Plaintiff from the subject flight under an entirely different legal standard found in 49 U.S.C. § 44902(b). Plaintiff's opposition to United's motion does not bolster his position either.

### 1. The Complaint Alleges No Facts Showing the § 121.580 Decision Affects Limitations or Accrual

The Complaint and the attached ALJ decision confirm the FAA proceeding addressed only whether the FAA could prove that Plaintiff violated 14 C.F.R. § 121.580's "interference with crewmember" rule; it did not adjudicate the lawfulness of United's separate decisions in 2022 to remove Plaintiff from the flight, restrict his future travel, or seek restitution under United's policies and 49 U.S.C. § 44902(b) (permitting air carriers to refuse transport to a passenger "the carrier decides is, or might be, inimical to safety"). Nothing in the Complaint plausibly alleges that in 2022, Plaintiff was unaware of the elements of the causes of action he purports to state, or that he was legally precluded from filing suit before the separate administrative process, to which United was not a party, ran its course. The Complaint alleges no facts or law explaining how the 2025 ALJ decision could suspend or "reset" California's statutes of limitation for defamation, tortious interference, fraudulent misrepresentation, intentional infliction of emotional distress, or civil assault against United.

Nor does—or could—the Complaint allege that "favorable termination" of the FAA case is an element of any claim, or that such termination was a prerequisite to filing suit. At best, the 2025 ALJ decision is a later development that Plaintiff believes supports his narrative. On the face of his Complaint, it is not a basis for delayed accrual or tolling of applicable statutes of limitation, and cannot revive causes of action that, by Plaintiff's own chronology, expired long before Plaintiff filed this lawsuit on January 30, 2026. Here, too, in addition to the Complaint, Plaintiff's opposition to United's motion does not supply facts or legal authority to support the claims of delayed accrual or tolling.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

### 2. The Complaint Alleges No Facts Showing the ALJ Decision Establishes the Merits of Any Claim Against United

Plaintiff treats the ALJ decision as if it conclusively establishes falsity, malice, "outrageousness," and other elements of his state-law claims he purports to state. But the Complaint does not bridge the gap between the ALJ decision and the legally mandated elements of Plaintiff's claims against United. The Complaint and attached ALJ decision confirm the ALJ found only that the FAA failed to prove an interference violation under § 121.580. The Complaint nowhere alleges—and the attached decision does not state—that the ALJ found United's safety and security assessments under § 44902(b) unlawful, that United's internal or external characterizations of what occurred in 2022 were knowingly false, or that United's efforts to manage perceived risk and recoup costs bear upon, much less satisfy, the demanding pleading and proof standards for the torts of defamation, tortious interference, fraudulent misrepresentation, or intentional infliction of emotional distress.

In short, the Complaint itself shows that decisions made by the ALJ and by United arise under different legal standards. The ALJ decision may be part of Plaintiff's narrative. But it does not adjudicate whether Plaintiff's conduct was or might have been inimical to flight safety under 49 U.S.C. § 44902; or whether United rightly concluded, without arbitrariness or caprice, that Plaintiff was or might have been inimical to safety. To be sure, nothing in or about the administrative decision supplies the facts Plaintiff needs to state legally actionable claims against United.

The Complaint therefore remains both time-barred and substantively deficient, notwithstanding Plaintiff's heavy reliance on the administrative proceeding in his opposition.

### B. Plaintiff's "Continuing Tort" Argument Does Not Save His Time-Barred Claims

Plaintiff contends that some or all of his claims are timely under the "continuing tort" doctrine, relying on *Aryeh v. Canon Business Solutions, Inc.*, but this limited doctrine is inapplicable to the facts of this case.

As explained in *Aryeh*, the continuing violation doctrine, sometimes referred to as the

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

continuing tort doctrine, "aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them." *Aryeh*, 55 Cal. 4th 1185, 1192 (Cal. 2013) (citing *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 811-18 (Cal. 2001)). But it requires (1) repeated actions that are sufficiently similar in kind, (2) occurring with sufficient frequency, and (3) lacking "permanence" such that further informal efforts to resolve the matter would be futile. *Richards*, 26 Cal. 4th at 802. It applies where "a wrongful course of conduct became apparent only through the accumulation of a series of alleged wrongs." *Aryeh*, 55 Cal. 4th at 1198; *see also Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002) ("The doctrine applies where there is no single incident that can fairly or realistically be identified as the cause of significant harm." (citations omitted)); *Jumaane v. City of Los Angeles*, 241 Cal. App. 4th 1390 (Cal. Ct. App. 2015).

That is simply not the case here. Plaintiff's Complaint alleges no recurring pattern of similar, frequently repeated conduct by United; it instead describes a finite set of actions clustered around the 2022 removal incident. *Flowers*, 310 F.3d 1118, 1126 (stating that a "cause of action for defamation accrues immediately upon the occurrence of the tortious act and thus, is not appropriate for the continuing violation exception" (citations omitted)).

At most, Plaintiff complains of continued impact from past violations, which is insufficient as a matter of law to invoke the continuing violation doctrine. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 238 (9th Cir. 1991) ("Mere continuing *impact* from past violations is not actionable." (emphasis in original, citations and quotations omitted)).

In sum, Plaintiff has not established that his time-barred causes of action are revived under a "continuing tort" doctrine.

### C. United's September 4, 2025 Letter Does Not Constitute Defamation

Plaintiff's opposition relies heavily on the September 4, 2025 letter, which cannot support a defamation claim for several independent reasons.

First, Plaintiff's Complaint does not even allege that the September 4, 2025 letter is a basis for his defamation per se claim, which alone is sufficient to disregard the letter for purposes of this motion. Moreover, Complaint alleges no facts showing that the letter was published to

any third party; it alleges only that United sent the letter to Plaintiff himself. There is no allegation in the Complaint that United communicated the letter, or its contents, to anyone else. That alone defeats the defamation claim to the extent premised on this document.

Second, the Complaint identifies no allegedly defamatory language from the letter beyond the sentence, "Only after United receives full restitution . . . will you be permitted to travel." (Compl. p. 26:8-10.) It does not plead what specific defamatory meaning any reasonable third party would draw from that statement standing alone, or how that statement, in context, conveys a false assertion of fact about Plaintiff's character or conduct. Even if the Court were to look beyond the Complaint and consider the letter itself, which Plaintiff attaches to his opposition, the same deficiency remains: Plaintiff does not and cannot tie any particular statement in the letter to a pleaded, defamatory meaning that satisfies the elements of his claim for defamation per se. *Yow v. Nat'l Enquirer, Inc.*, 550 F. Supp. 2d 1179, 1183 (E.D. Cal. 2008) ("Defamation per se occurs when a statement, is defamatory on its face, that is untrue. . . . A statement is libelous per se if it defames the plaintiff on its face, that is, without the need for extrinsic evidence to explain the statement's defamatory nature."); Cal. Civ. Code § 45a ("A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face.").

Third, Plaintiff's attempt to satisfy the publication element through the compelled self-publication doctrine fails both legally and as pled. Under *McKinney v. County of Santa Clara*, compelled self-publication requires: (1) circumstances placing the plaintiff under a strong compulsion to repeat the alleged defamation to a third party; (2) that those circumstances were known to the originator, and (3) actual disclosure. 110 Cal. App. 3d 787, 796-989 (Cal. App. Ct. 1980). Courts have "limited [this doctrine] to a narrow class of cases, usually where a plaintiff is compelled to republish the statements in aid of disproving them," and have typically applied it in the employment-discharge context. *Live Oak Publ'g Co. v. Cohagan*, 234 Cal. App. 3d 1277, 1285 (Cal. App. Ct. 1991); *see Lewis v. Equitable Life Assurance Soc.*, 389 N.W.2d 876, 887 (Cal. 1986).

Here, Plaintiff argues that United "had reason to know" he would be compelled in 2025

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

DEFENDANT UNITED AIRLINES, INC.'S REPLY IN    5
SUPPORT OF ITS MOTION TO DISMISS
CASE NO.: 5:26-CV-00962-BLF

to disclose the continued ban to his FAA employer because it allegedly "impaired his ability to perform official duties involving United." (Opp'n, p. 9:17-18.) But, according to his own allegations, United and Plaintiff had already informed the FAA of the ban and the FAA had reassigned Plaintiff from his United-oversight position three years earlier in 2022. (Compl., p. 20:13, 24:23-26; Opp'n, p. 9:11-13.) That prior disclosure undercuts any claim that this later letter placed him under a new or additional "strong compulsion" to republish its contents, much less that United knew of such compulsion. The Complaint does not plead facts bringing this case within the narrow compelled self-publication exception recognized in *McKinney* and its progeny.

For all of these reasons, the September 4, 2025 letter does not constitute a defamatory publication by United in September 2025.

### D. *McDonough v. Smith* Does Not Toll or Delay Accrual of the Statutes of Limitations for Plaintiff's Causes of Action

Plaintiff's reliance on *McDonough v. Smith* to delay accrual is misplaced for both legal and factual reasons. *McDonough* involved a fabricated-evidence claim under 42 U.S.C. § 1983 that the Supreme Court expressly analogized to malicious prosecution, and it held that such a claim accrues upon "favorable termination" of the underlying criminal proceeding. 588 U.S. 109 (2019). As the authorities Plaintiff himself cites confirm, even before *McDonough*, delayed accrual on that basis has been confined to malicious-prosecution-type claims or their close analogues. *See, e.g.*, *Babb v. Superior Court*, 3 Cal. 3d 841 (Cal. 1971) (malicious prosecution); *Bradford v. Scherschligt*, 803 F.3d 382, 387-88 (9th Cir. 2015) (Devereaux claim "similar to the tort of malicious prosecution"); *Hardy v. Vial*, 48 Cal. 2d 577 (Cal. 1957) (malicious prosecution, not addressing accrual). Nothing compels a different conclusion now. Because state-law torts such as defamation, intentional infliction of emotional distress, and tortious interference do not require favorable termination of a prior proceeding in plaintiff's favor as an element, they are not subject to *McDonough*'s special accrual rule.

None of Plaintiff's causes of action are pleaded as, or functions as, a malicious-prosecution-type claim. Each claim was "complete and present" when Plaintiff was allegedly removed from Flight 1684, when United communicated with the FAA, and when

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

United imposed and explained the travel ban and restitution demand in its June 1, 2022 letter—actions that all occurred in 2022. The Complaint alleges no legal impediment that prevented Plaintiff from suing at that time, nor does it allege that favorable termination of the FAA enforcement matter is an element of any cause of action. *McDonough* therefore does not delay accrual or toll the statutes of limitation on these claims.

Moreover, the FAA enforcement proceeding on which Plaintiff centers his argument was initiated and controlled by the FAA, a federal agency where the "situation was internally contested"—not by United. (Opp'n 13:26.) United did not control whether the FAA would bring charges, how it would prosecute them, or when it would conclude them. Extending *McDonough* to allow a private plaintiff to delay accrual of routine state-law torts until a separate federal agency, over which the defendant has no control, elects to terminate an enforcement action would vastly expand the doctrine beyond its narrow malicious-prosecution analogue.

Finally, to the extent Plaintiff's *McDonough* argument depends on United's alleged "false narrative" being "actively [ ] used against Plaintiff in a federal enforcement proceeding" (Opp'n, p. 11:26–27), any communications made in connection with a "judicial, legislative, or other official proceeding authorized by law" are absolutely privileged under California Civil Code section 47(b). That privilege bars liability for those communications altogether, and it underscores why they cannot be re-packaged as a basis to toll or delay accrual of limitations on separate state-law tort claims against United.

### E. Plaintiff Cannot Invoke Equitable Tolling

Plaintiff's Complaint does not plead facts supporting any of the three elements required for equitable tolling: (1) timely notice to the defendant; (2) lack of prejudice to the defendant; and (3) reasonable and good faith conduct on the part of the plaintiff. *See Addison v. State*, 21 Cal. 313, 319 (Cal. 1978).

With respect to timely notice, Plaintiff conflates notice of the FAA enforcement action with the requisite "noti[ce] within the [statute of limitations] of *plaintiffs' claims and their intent to litigate*." *Saint Francis Mem'l Hosp. v. State Dept. of Pubic Health*, 9 Cal. 5th 710, 726-27 (Cal. 2020) (emphasis added). The Complaint also contains no allegations concerning any

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

demand letters. Even if the Court were to look beyond the Complaint and consider the letters described in Plaintiff's opposition, there is still no timely notice to United. By the time United received Plaintiff's alleged August 7, 2025 demand letter, the statutes of limitations for all of his claims had already expired. (Opp'n p. 14:22-25.) The contents of his purported February 12, 2025 demand letter are not alleged, so it fails to show timely notice. (*Id.*) Even if it did, the letter could at most equitably toll Plaintiff's fraudulent misrepresentation claim—a claim that fails for the independent reasons discussed below.

Second, United would unquestionably suffer prejudice. Among other things, prejudice exists because of the faded memories of key witnesses to the incident that happened nearly four years ago, and the evidence United would need to prepare a defense against Plaintiff's state-law causes of action differs significantly from what was required of United to respond to a subpoena and prepare witnesses for the FAA action that involved a different alleged violation and to which United was not a party.

Regarding the third element, Plaintiff did not act reasonably because, as discussed above, there was no reasonable justification for awaiting the conclusion of the FAA enforcement matter. The Complaint alleges no legal impediment that prevented Plaintiff from suing earlier (before expiration of the statutes of limitations), nor does it allege that favorable termination of the FAA matter was or is an element of any cause of action he purports to state.

Lastly, this case does not fit within the typical equitable tolling framework: Plaintiff was not pursuing another civil remedy within the statute, and his participation as a respondent in the FAA matter is not the kind of alternative, earlier-filed civil proceeding where equitable tolling is usually applied. *See Wassmann v. S. Orange Cnty. Cmty. College Dist.*, 24 Cal. App. 5th 825, 853 (Cal. App. Ct. 2018) ("Broadly speaking, the doctrine [of equitable tolling] applies '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.'" (citations omitted)); *Guevara v. Ventura Cnty. Cmty. College Dist.*, 169 Cal. App. 4th 167, 174 (Cal. App. Ct. 2008) ("A major reason for applying the doctrine is to avoid the hardship of compelling plaintiffs to pursue several duplicative actions simultaneously on the same set of facts." (citations and quotation marks omitted)). Equitable tolling here would be misplaced, is

fundamentally unjust, and should be denied.

### F.  Plaintiff's Complaint Fails to State a Claim

Setting aside the accrual and tolling issues discussed above, Plaintiff's Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) for failure to state a claim on the grounds that the entire action is insufficiently pled and/or time-barred.

#### 1.  Defamation Per Se

Plaintiff opposition alleges two specific instances of defamation per se: (1) United's September 4, 2025 letter; and (2) when United formally transmitted its PIRC determination to the FAA on June 2, 2022. (Opp'n, p. 17:1-18:2.) The former is nothing more than a reprisal of what United said long before, and does not constitute defamation for the reasons discussed above. With respect to the latter, any defamation action had to be filed within one year of the June 2, 2022 transmittal (i.e., by June 2, 2023), such that the filing of the Complaint on January 30, 2026 was untimely.

With respect to any alleged internal United communications, Plaintiff fails to identify any third-party recipient, plead verbatim the alleged libel, or provide any dates.  *See Gilbert v. Sykes*, 247 Cal. App. 4th 13, 31 (Cal. Ct. App. 2007) (noting that the general rule is that the words constituting an alleged libel must be "specifically identified, if not pleaded verbatim."). Moreover, to the extent any such records were made before January 30, 2025, they are time-barred as a matter of law.

Plaintiff fails to allege sufficient facts to support a cause of action for defamation, and his claim should be dismissed on that basis too.

#### 2.  Tortious Interference with Employment

Plaintiff's allegations leave no question that, if all elements of his tortious interference with employment claim were met, they were necessarily satisfied no later than November 16, 2022, when the FAA issued a Notice of Administrative Reassignment. (Complaint p. 24:23-28). The statute of limitations for such claims is two years, and because Plaintiff failed to bring this claim by November 16, 2024, the filing of the Complaint on January 30, 2026 was untimely.

Plaintiff's only counterargument is that claim did not become complete until July 8,

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

2025 "[u]nder delayed accrual principles" (Opp'n, p. 19:5-6)—principles that are not applicable for the reasons set forth above.  This claim must be dismissed.

### 3.  Fraudulent Misrepresentation

One of the elements required to establish a claim for fraudulent misrepresentation is the plaintiff's reasonable reliance on the representation. *See Thomas v. Regents of Univ. of Cal.*, 97 Cal. App. 5th 587, 637 (Cal. App. Ct. 2023). Plaintiff himself did not rely on—but rather disputed—United's representations and submissions to the FAA from the outset, and continues to dispute them in the instant lawsuit. The two cases Plaintiff relies on in his opposition, *Randi W. v. Muroc Joint Unified Sch. Dist.*, 14 Cal. 4th 1066 (Cal. 1997), and *Geernaert v. Mitchell*, 31 Cal. App. 4th 601 (Cal. App. Ct. 1995) (Opp'n, p. 19:27-20:6), do not salvage this insufficiently-pled claim.

*Randi*, which involved claims of fraud and negligent misrepresentation in a molestation case, held that liability may arise when false information given intentionally or negligently "results in physical injury to the recipient or a third person." 14 Cal. 4th at 1074. Plaintiff alleges no physical injury here.

*Geernaert*, a real estate fraud and concealment case, held that liability may arise where a misrepresentation is made to a third party and the maker "*intends or has reason to expect that its terms will be repeated or its substance communicated to [an]other*, and that it will influence  his conduct in the transaction or type of transaction involved." 31 Cal. App. 4th at 605-06 (emphasis in original). Again, Plaintiff does not allege reliance on any of United's representations or submissions to the FAA. Plaintiff therefore still fails to plead fraudulent misrepresentation.

With respect to the claim being time-barred, Plaintiff's only counterargument is that claim did not become complete until July 8, 2025 "[u]nder delayed accrual" (Opp'n, p. 20:22), which is inapplicable for the reasons set forth above.  This claim remains time-barred and must be dismissed.

### 4.  Civil Extortion

In his opposition, Plaintiff relabels this cause of action "Civil Extortion / Wrongful Coercion" and asserts that the Complaint pleads the common law elements of wrongful coercion.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

(Opp'n, p. 20:26, 21:4-6.) In support, Plaintiff relies on two cases, *CrossTalk Productions, Inc. v. Jacobson*, 65 Cal. App. 4th 631(Cal. App. Ct. 1998), and *Schaeffer v. Cavallero*, 54 F. Supp. 2d 350 (S.D.N.Y. 1999), neither of which salvage this insufficiently-pled claim.

*CrossTalk* explains that economic duress can apply when a party's wrongful act is "sufficiently coercive to cause a reasonably prudent person, faced with no reasonable alternative, to agree to an unfavorable contract" or other action it now seeks to avoid. 65 Cal. App. 4th at 644. Plaintiff alleges only that United demanded reimbursement of $3,153.00 and conditioned future travel on payment. (Compl 25:26-28.) Because he never paid that amount, coercion is not pled.

*Schaeffer*, in turn, is a New York case that is not precedent. More importantly, it did not involve any claims of extortion, coercion, or duress.

Plaintiff's Complaint fails to properly plead a cause of action for civil extortion.

### 5. *Intentional Infliction of Emotional Distress*

Plaintiff now concedes that his "May 12, 2022 removal and the June 2022 ban are outside the two-year limitations period." (Opp'n, p. 22:10-11.) With respect to the FAA's alleged breach of his information security—which he still does not date—Plaintiff cites no authority that rejects the requirement that the intentional and outrageous conduct be "*directed at the plaintiff*, or occur in the presence of a plaintiff *of whom the defendant is aware.*" *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1002 (Cal. 1993) (emphasis in original). Instead, he merely asserts that "the relevant outrageous conduct -- [United] transmitting a false narrative to Plaintiff's supervisors specifically designed to trigger enforcement action -- was directed squarely at Plaintiff." (Opp'n, p. 23:1-3.) But that transmission occurred on June 2, 2022, falling squarely outside of the two-year statute of limitations.

Plaintiff also makes the new allegation not pled in his Complaint: United's maintenance of the existing travel ban and reprising a demand for reimbursement on September 4, 2025 and December 8, 2025, amount to IIED. (Opp'n, p. 22:12-16, 22:24-26.) What Plaintiff describes is not new conduct. It is an absence of conduct where United had no legal duty to act. The ALJ decision regarding Plaintiff's "interference" charge under §121.580 does not change this because

it does not address, much less invalidate, United's independent safety-related decisions regarding Plaintiff's travel under 49 U.S.C. § 44902. The two communications reprising United's June 2022 decision fail to state a claim upon which relief can be granted.

### 6. Civil Assault

Plaintiff's only rejoinder to the conclusion that his civil assault claim is time-barred is that the assault did not become complete until July 8, 2025 because it "is subject to the same delayed accrual and equitable tolling arguments." (Reply 24:19-24.) Those doctrines are inapplicable for the reasons previously set forth. Actions for assault, battery, or injury to an individual caused by the wrongful act of negligence of another must be brought within two years (CCP § 335.1), and Plaintiff's filing a Complaint on January 30, 2026 for a May 12, 2022 is untimely.

### 7. Tortious Interference with Federal Duties

Plaintiff acknowledges that United is "correct" that 49 U.S.C. § 40113 and 14 C.F.R. §13.2 cannot be directly enforced by him, and now seeks to assert tort claims for "interference with the performance of public duties where the defendant's conduct violates substantial public policy." (Opp'n, p. 26:16-20.) The only authority he cites in support is *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (Cal. 1980), which is plainly inapplicable.

*Tamney* involved an employee who was seeking recovery where his employer allegedly discharged him because he had refused to participate in an illegal scheme to fix retail gasoline prices. *Id.* The court held that an at-will employee discharged for refusing to engage in illegal conduct at his employer's request may bring a tort action for wrongful discharge. *Id.* at 172. Here, United is not Plaintiff's employer; that alone distinguishes *Tameny* and makes the tort inapplicable to United. Plaintiff does not allege that he was asked or pressured to engage in any illegal conduct at United's request. And Plaintiff was not discharged from his employment with the FAA, much less wrongfully discharged.

This non-existent tortious interference with federal duties claim must be dismissed.

In summary, the allegations of the Complaint clearly show that Plaintiff's entire action is insufficiently pled and/or time-barred under the applicable California statutes of limitations.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

DEFENDANT UNITED AIRLINES, INC.'S REPLY IN
SUPPORT OF ITS MOTION TO DISMISS
CASE NO.: 5:26-CV-00962-BLF

12

Plaintiff's claims are therefore subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

### G. Leave to Amend Should Not Be Granted

With the exception of United's September 4, 2025 letter, Plaintiff implicitly acknowledges that his claims are barred if they do not fall "under the continuing tort doctrine, delayed accrual, . . . and equitable tolling." (Opp'n, p. 27:15-19.) Because none of those exceptions applies, the Complaint cannot be cured by amendment to allege additional facts, and leave to amend should be denied.

## III. CONCLUSION

For all the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice and without leave to amend.

Dated: March 31, 2026                    Respectfully submitted,

By: _____
    Richard A. Lazenby
    Nicole A. Poltash
    VICTOR RANE
    Attorneys for Defendant
    UNITED AIRLINES, INC.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849