UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PAUL D ASMUS,

           Plaintiff,

    v.

UNITED AIRLINES, INC.,

           Defendant.

Case No. 5:26-cv-00962-BLF

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

[Re: ECF No. 7]

Defendant United Airlines, Inc. ("United") moves to dismiss pro se Plaintiff Paul D. Asmus's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7 ("Mot."); ECF No. 14 ("Reply"). Mr. Asmus opposes the motion. ECF No. 13 ("Opp."). The Court finds the matter suitable for decision without oral argument and VACATES the hearing set for July 9, 2026. *See* Civ. L.R. 7-11(b).

For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

The complaint alleges as follows. Mr. Asmus, an aviation safety inspector employed by the Federal Aviation Administration ("FAA"), began working on an inspection of an aircraft owned by United at some point during 2020. Compl. ¶¶ 15, 20–23. After Mr. Asmus "refused to capitulate and insisted on documenting the safety risks as required by law[,]" he experienced "significant friction with Untied and FAA management" and was ultimately removed from his participation in an inspection of United's compliance with its Safety Management System process. *Id.* ¶¶ 23–26, 33.

On May 12, 2022, Mr. Asmus boarded United Flight 1684 while traveling off duty and "observed a torn seat-back pocket of his assigned seat," which he "identif[ied] as a discrepancy

requiring maintenance intervention." SAC ¶¶ 34–37. He took photographs of the torn seat-back pocket and other "safety hazards . . . to preserve evidence of the violations." *Id.* ¶¶ 38–39. Mr. Asmus's off-duty exercise of his "regulatory knowledge" was poorly received, with flight attendants "react[ing] hostilely," "accus[ing] [him] of being 'combative' regarding a prepaid seat upgrade," and "threaten[ing] that [he] 'needed to delete the photo he took or else he would be removed from the aircraft.'" *Id.* ¶¶ 56–58, 62. Relying on a "misleading narrative" characterizing him as an "unverified imposter," the United flight crew ejected Mr. Asmus from the aircraft. *Id.* ¶¶ 64–68.

After the May 12, 2022, incident, United permanently banned Mr. Asmus and initiated "a 'character investigation' intended to destroy his professional reputation" with the FAA. SAC ¶ 78. On June 2, 2022, United's general counsel sent a letter to the FAA advising management that Mr. Asmus had been banned from the airline after it determined that his "presence on future flights created a 'threat to the safety of our employees and passengers' and an 'unsafe working environment.'" *Id.* ¶¶ 101–03. The FAA initiated a civil penalty enforcement action against Mr. Asmus and, on November 16, 2022, administratively reassigned him "'based on a real/perceived conflict of interest with [United]' due to the 'open FAA Civil Penalty and current ban.'" *Id.* ¶¶ 109, 136. On June 27, 2025, a Department of Transportation Administrative Law Judge ("ALJ") dismissed the FAA's enforcement action. *Id.* ¶ 119.

Mr. Asmus initiated this action by filing a seven-count complaint against United on January 30, 2026. ECF No. 1. The complaint asserts cause of action for (1) per se defamation, (2) tortious interference with employment, (3) fraudulent misrepresentation, (4) civil extortion, (5) intentional infliction of emotional distress, (6) civil assault, and (7) tortious interference with federal duties based on 49 U.S.C. § 40113 and 14 C.F.R. § 13.2. SAC ¶¶ 130–56.

## II.   LEGAL STANDARD

A defendant may move to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

"In a federal diversity action brought under state law, the state statute of limitations controls." *Bancorp Leasing & Fin. Corp. v. Agusta Aviation Corp.*, 813 F.2d 272, 274 (9th Cir. 1987).  A Rule 12(b)(6) motion may be granted on the basis that the facts and dates alleged in the complaint indicate that a claim is barred by the statute of limitations. *Jablon v. Dean Whitter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

A court has discretion to allow leave to amend the complaint pursuant to Rule 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital*.  The Ninth Circuit in *Eminence Capital* identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment.  *See* 316 F.3d at 1052.

## III.  DISCUSSION

United argues that several of Mr. Asmus's claims are inadequately pled or are based on statutes and/or regulations that do not supply a private cause of action, urging that the remaining claims are time-barred under the relevant California statutes of limitations.  Mot. at 5–7. Mr. Asmus responds, *inter alia*, that his claims did not fully accrue until July 8, 2025 (when the ALJ's June 27, 2025, decision became final), relying on the Supreme Court's decision in *McDonough v. Smith*, 588 U.S. 109 (2019).  Opp. at 11–14.

### A.  Defamation

United States District Court
Northern District of California

3

United States District Court
Northern District of California

Defamation involves the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or causes special damage. *See Gilbert v. Sykes*, 247 Cal. App. 4th 13, 27 (2007). In California, a cause of action for defamation accrues upon publication of the defamatory statement, and the statute of limitations is one year. Cal. Civil Code § 340(c); *see also Shively v. Bonzanich*, 31 Cal. 4th 1230, 1246–47 (2003).

Mr. Asmus's defamation claim is based on the publication of "false 'safety' and 'security' threat designations to a third party" on June 2, 2022, as well as the "republic[cation] [of] these libels through internal corporate records that designate [him] as a banned 'threat' to enforce the travel restriction." Compl. ¶ 130. United argues that the former is barred because it was not filed prior to June 2, 2023, and that the latter lacks the factual specificity required to state a claim. Mot. at 3–4. The Court agrees. Mr. Asmus nonetheless argues that the claim is not barred for various reasons, none of which is persuasive.

First, Mr. Asmus argues that a letter sent by United to Mr. Asmus reaffirming the travel restrictions imposed on him unless he pays $3,153 in restitution "states a timely defamation claim." Opp. at 8–10, 17. Disregarding the fact that the complaint does not allege that the September 4, 2025, letter is a basis for the defamation claim, the complaint fails to allege publication or identify any defamatory language from the letter apart from the following quotation: "Only after United receives full restitution . . . will you be permitted to travel." Compl. ¶ 142 (alterations in original). Mr. Asmus's invocation of the self-publication doctrine on the ground that the letter is based on falsities that "impair[] his ability to perform official duties involving United," Opp. at 9, fails because he fails to allege compulsion; he elsewhere pleads that United already communicated the underlying statement to the FAA. *Cf. McKinney v. Cnty. of Santa Clara*, 110 Cal. App. 3d 787, 796 (1980) (setting forth circumstances in which self-publication doctrine has been held to apply).

Second, Mr. Asmus seeks to analogize this case to *McDonough*, urging that his defamation claim did not accrue until the ALJ's dismissal of the civil contempt action became final on July 8, 2025. Opp. at 11–14, 17. *McDonough* involved the statute-of-limitations period for a § 1983 claim alleging that the plaintiff was criminally prosecuted using fabricated evidence. 588 U.S.

4

at 113. Analogizing the plaintiff's fabricated-evidence claim to the "common-law tort of malicious prosecution, a type of claim that accrues only once the underlying criminal proceedings have resolved in the plaintiff's favor," the Court held statute of limitations began to run only "when the criminal proceedings against [the plaintiff] terminated in his favor—that is, when he was acquitted at the end of his second trial." *Id.* at 115, 125. Mr. Asmus fails to explain why *McDonough*'s reasoning would apply outside the context of a malicious prosecution (or similar state analogue) claim—here, his defamation claim did not require termination of a prior proceeding in his favor as an element. *See, e.g.*, *Macias v. Kaplan-Siekmann*, No. 22-cv-00280-PHX-SPL, 2024 WL 83448, at *5 (D. Ariz. Jan. 8, 2024) ("Plaintiffs did not have to wait until the dependency proceedings terminated prior to filing their claims because Plaintiffs' § 1983 claims do not involve any allegations pertaining to unlawful criminal proceedings.").

Third, Mr. Asmus argues that he is entitled to equitable tolling under the framework set forth by the California Supreme Court in *Addison v. State*, 21 Cal. 3d 313 (1978). Opp. at 14–17. The complaint fails to plead facts supporting any of the three elements required for equitable tolling, i.e., (1) timely notice to the defendant, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct of the plaintiff. *Addison*, 21 Cal. 3d at 319. Mr. Asmus's contention that United had "continuous and documented notice" based on the FAA civil penalty proceedings, Opp. at 14, conflates those proceedings with his intent to litigate, which he does not allege to have communicated. *Cf. Saint Francis Mem'l Hosp. v. State Dep't of Public Health*, 9 Cal. 5th 710, 726–27 (2020). Mr. Asmus's argument that United cannot show prejudice because "[t]he critical documents . . . are United's own records, Opp. at 15, fails because his claims are based on the alleged falsity of those records. Finally, Mr. Asmus's argument that he acted reasonably and in good faith is belied by his failure to explain why he would need to wait for civil penalty proceedings, brought by the *FAA*, to terminate to commence this action against *United*.

Fourth, Mr. Asmus argues that the defamation claim is timely under the continuing violation doctrine. Opp. at 6–8. The continuing violation doctrine "aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them." *Aryeh v. Canon Bus. Sol., Inc.*,

United States District Court
Northern District of California

5

55 Cal. 4th 1185, 1192 (2013).  The doctrine applies in cases involving (1) repeated actions that are sufficiently similar in kind, (2) occurring with sufficient frequency, and (3) lacking "permanence" such that further informal efforts to resolve the matter would be futile.  *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 811–18 (2001).  Mr. Asmus fails to show how any of these considerations apply here, instead repacking his prior three arguments and urging that his claim is timely because the complaint involves "a September 4, 2025 republication of the defamatory narrative filed within one year of suit; a continuing travel ban producing fresh harm each day; and a July 8, 2025 accrual date when the ALJ's ruling became final."  Opp. at 6.  None of these arguments alone or in combination render his claim timely.

The Court accordingly GRANTS United's motion to dismiss as to Mr. Asmus's defamation claim.  Based on the early stage in these proceedings, the Court will grant Mr. Asmus leave to amend.  To state a defamation claim, Mr. Asmus would either need to allege facts showing that his claim based on the June 22, 2022, letter is not time-barred (by virtue of equitable tolling or a related doctrine) or that the September 4, 2025, letter was published.

### B.  Tortious Interference with Employment

The elements of a claim for tortious interference with contractual relations are "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."  *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1148 (2004).  In California, a cause of action for tortious interference with contractual relations accrues when each element has been satisfied, and the statute of limitations is two years.  Cal. Civil Code § 339(1); *see also Boys Town, U.S.A., Inc. v. World Church*, 349 F.2d 576, 579 (9th Cir. 1965).

Mr. Asmus claims that United interfered with his employment relationship with the FAA.  The claim is based on the "lifetime ban and 'security threat' designation," which resulted in the FAA's administrative reassignment of Mr. Asmus on November 16, 2022.  Compl. ¶¶ 135–36.  United argues that Mr. Asmus's claim is subject to dismissal for failure to allege disruption of his employment with FAA and that the limitations period ended on November 16, 2024, two years

United States District Court
Northern District of California

6

after his reassignment.  Mot. at 4.  Mr. Asmus's only response as to timeliness is that "[u]nder delayed accrual principles the claim did not become complete until July 8, 2025, when the ALJ's June 27, 2025[,] ruling became final and established that United's submissions were false and unreliable."  Opp. at 19.  Mr. Asmus's timeliness argument is duplicative of his argument as to defamation and fails for the same reasons.  *See supra* § III.A.  United also correctly points out that, although Mr. Asmus alleges that he was "stripped of his specific regulatory authority" over United and administratively "reassigned," Compl. ¶ 136, he does not allege that reassigning him constituted an actual breach or disruption of his FAA employment contract.  *See, e.g.*, *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 825 (9th Cir. 2008) (explaining that intentional interference with contract claim requires a showing that the defendant influenced or caused actual disruption or breach of the contract).

The Court accordingly GRANTS United's motion to dismiss as to Mr. Asmus's tortious interference claim.  Based on the early stage in these proceedings, the Court will grant Mr. Asmus leave to amend.  To state a tortious interference claim, Mr. Asmus would need to allege facts showing both that his claim is not time-barred (by virtue of equitable tolling or a related doctrine) and that his employment contract with the FAA was breached or otherwise actually disrupted.

### C.  Fraudulent Misrepresentation

To establish a claim for fraudulent misrepresentation, a plaintiff must prove: (1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff.  *Thomas v. Regents of Univ. of Cal.*, 97 Cal. App. 5th 587, 637 (2023).  In California, a cause of action for fraudulent misrepresentation accrues upon when each element has been satisfied, and the statute of limitations is three years.  Cal. Civil Code § 338(d); *Dias v. Nationwide Life Ins. Co.*, 700 F. Supp. 2d 1204, 1222 (E.D. Cal. 2010).

7

United States District Court
Northern District of California

Mr. Asmus's fraudulent misrepresentation claim is based on United's June 2, 2022, letter to the FAA, which he alleges was sent "with the specific intent to deceive the FAA, fully aware that the agency's standard practice is to treat airline reports as presumptively authentic." Compl. ¶ 139. United argues that the claim is time-barred and that Mr. Asmus fails to allege that he justifiably relied on the alleged misrepresentation to his detriment. Mot. at 5.

For the reasons discussed *supra*, the Court agrees that the claim is untimely. Moreoever, Mr. Asmus fails to allege that he relied on United's alleged misrepresentation; on the contrary, he alleges that he disputed the truth of United's statement to the FAA from the outset. Mr. Asmus argues that his failure to allege that he relied on United's misrepresentation is not fatal to his claim because, under California law, "liability extends to false statements made to a third-party decisionmaker where the defendant intended the third party to act on the misrepresentation and the plaintiff was the intended target of that induced action." Opp. at 19–20 (citing *Randi W. v. Muroc Joint Unified Sch. Dist.*, 14 Cal. 4th 1066 (1997); *Geernaert v. Mitchell*, 31 Cal. App. 4th 601 (1995)). Neither of the cases he cites is applicable here.

*Randi W* involved claims of fraud and negligent misrepresentation in a molestation case; in rejecting the defendants' argument that "plaintiff failed to plead *her own* reliance," the California Supreme Court explained that this "more restrictive rule" applies to "claims only for damages resulting from economic loss as opposed to damages based on physical injury." 14 Cal. 4th at 1085 (internal quotation marks omitted) (quoting *Garcia v. Sup. Ct.,* 50 Cal. 3d 728, 735–36 (1990)). No physical injury is alleged here. *Geernaert* is even further afield; that case did not involve relaxing the reliance requirement at all but instead explained that a "defendant will not escape liability if he makes a misrepresentation to one person *intending* that it be repeated and acted upon by the plaintiff." 31 Cal. App. 4th at 606.

The Court accordingly GRANTS United's motion to dismiss as to Mr. Asmus's fraudulent misrepresentation claim. The Court ordinarily would grant leave to amend but agrees with United that amendment here would be futile because the allegations in the complaint are logically incompatible with a required element of his fraudulent misrepresentation claim, i.e., that he reasonably relied on United's alleged misrepresentation. Here, Mr. Asmus not only fails to allege

8

that he relied on United's letter to the FAA—he alleges that he actively disputed it at every step of the way, including in the instant lawsuit. To the extent that Mr. Asmus alleges that the *FAA* relied on those representations, he fails to allege that FAA relied to its own detriment; in any case, the FAA is not a party to this action and Mr. Asmus cannot bring this suit on the FAA's behalf.

Because amendment would be futile, the Court dismisses Mr. Asmus's fraudulent misrepresentation claim without leave to amend.

### D. Civil Extortion

Extortion is defined as "the obtaining of property from another, with his consent, or the obtaining of an official act of a public officer, induced by a wrongful use of force or fear, or under color of official right." Cal. Penal Code § 518.2 "California has recognized a civil cause of action for the recovery of money obtained by the wrongful threat of criminal or civil prosecution, whether the claim is denominated as 'extortion, menace, or duress.'" *Monex Deposit Co. v. Gilliam*, 666 F. Supp. 2d 1135, 1136 (C.D. Cal. 2009) (quoting *Fuhrman v. Cal. Satellite Sys., Inc.*, 179 Cal. App. 3d 408, 426 (1986)).

Mr. Asmus's civil extortion claim is based on United conditioning lifting Mr. Asmus's travel ban from United on his payment of $3,153.00 in restitution. Compl. ¶ 140. United argues that Mr. Asmus improperly seeks to "directly assert [a] criminal cause[] of action . . . through [this] civil lawsuit[]." Mot. at 6. Mr. Asmus acknowledges that "[t]h Penal Code references appear in the count heading," but argues that "the body of the Complaint pleads the common law elements of wrongful coercion." Opp. at 21. Based on Mr. Asmus's pro se status, the Court will construe Mr. Asmus's claim as such and finds that United's argument for dismissal is insufficient. *See Monex*, 666 F. Supp. 2d at 1137 ("[B]ecause the civil tort for extortion is derived from the crime of extortion, and because recognizing a claim for civil extortion furthers the purpose of California Penal Code section 523, the Court declines to dismiss the third cause of action.").

United's statutory argument is inexplicably the only ground on which United moves for dismissal in the motion. The Court accordingly DENIES United's motion to dismiss as to Mr. Asmus's extortion claim.

### E. Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotional distress, a plaintiff must establish the following elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct." *Sabow v. United States*, 93 F.3d 1445, 1454 (9th Cir. 1996) (quoting *Christensen v. Sup. Ct.,* 54 Cal. 3d 868, 902 (1991)). In California, a cause of action for intentional infliction of emotional distress accrues once the plaintiff has suffered severe emotional distress as a result of the defendant's outrageous conduct, and the statute of limitations is two years. Cal. Civil Code § 335.1; *Wassman v. S. Orange Cty. Cmty. College Dist.*, 24 Cal. App. 5th 825, 852–53 (2018).

Mr. Asmus's intentional infliction of emotional distress claim is based on United threatening to remove him on May 12, 2022, banning him from United on June 2, 2022, and "instigat[ing] . . . federal enforcement proceedings." Compl. ¶¶ 145–47. United argues that any claim based on the first two allegations are time-barred and that United is not a proper defendant for a claim based on the actions of the FAA. Mot. at 7. Mr. Asmus concedes that "Defendant correctly notes that the May 12, 2022[,] removal and the June 11 2022[,] ban are outside the two-year limitations period." Opp. at 22. He argues that he may state an intentional infliction of emotional distress claim for "[c]ontinuing to brand a verified federal safety inspector as a security threat" because the FAA's subsequent investigation was a "foreseeable consequence[]" of United's actions. *Id.* at 22–23. The problem with this argument is that the complaint pleads that United's purported "instigation" of the investigation occurred on June 2, 2022, with the transmission of the letter to the FAA. Moreoever, to the extent that Mr. Asmus argues that United's "false narrative" was "used against Plaintiff in a federal enforcement proceeding," the Court agrees with United that the communication would be absolutely privileged under California Civil Code § 47(b), which shields communications made in connection with a "judicial, legislative, or other official proceeding authorized by law."

The Court accordingly GRANTS United's motion to dismiss as to Mr. Asmus's intentional infliction of emotional distress claim. Based on the early stage in these proceedings, the Court

will grant Mr. Asmus leave to amend.  To state an intentional infliction of emotional distress claim, Mr. Asmus would need to allege facts showing extreme and outrageous conduct within the limitations period that is not based on United's privileged communications to the FAA.

### F.  Civil Assault

The elements of civil assault in California are unlawful intent by one person to inflict immediate injury on the person of another then present.  *Martinez v. Garza*, No. 09-cv-0899-LJO-DLB, 2011 WL 23670, at *22 (E.D. Cal. Jan. 3, 2011).  ).  In California, a cause of action for assault accrues when the anticipation of harm occurred, and the statute of limitations is two years.  Cal. Civil Code § 335.1.

Mr. Asmus's claim for civil assault is based on his "apprehension of immediate bodily harm" when he was threatened with removal from the United aircraft on May 12, 2022.  Compl. ¶¶ 150–51.  Because the complaint cites the California Penal Code, United once again argues that "private individuals cannot . . . enforce criminal statutes through civil lawsuits."  Mot. at 7–8.  As with Mr. Asmus's civil extortion claim, the Court does not construe the civil assault claim as such and instead construes it under California common law.  That said, United also argues that the claim is barred by the statute of limitations.  Mot. at 8.  For the reasons discussed *supra*, the Court agrees.  All conduct alleged in support of this claim occurred more than two years before the suit was initiated.

The Court accordingly GRANTS United's motion to dismiss as to Mr. Asmus's civil assault claim.  Because the only alleged anticipation of harm occurred outside of the limitations period, amendment would be futile, so the Court will not grant leave to amend.

### G.  Tortious Interference with Federal Duties

Mr. Asmus's putative tortious interference with federal duties claim is based on United's "course of conduct designed to impede federal oversight," namely, Mr. Asmus's duties as an FAA inspector and the duty of all persons to report violations of aviation safety regulations.  Compl. ¶ 155.  Mr. Asmus apparently seeks to bring this claim pursuant to 49 U.S.C. § 40113 and 14 C.F.R. § 13.2.  Compl. ¶¶ 154–56.  United argues that "[a] claim for tortious interference with federal duties is not recognized as a standalone cause of action" and the statute and regulation

11

cited do not provide a private right of action.  Mot. at 5.  The Court agrees.

49 U.S.C. § 40113 sets forth the ability of the Secretary of Transportation to conduct investigations, prescribe regulations, standards, and procedures, and issue orders in the performance of his or her duties.  14 C.F.R. § 13.2 states that "[a]ny person who knows of any violation of 49 U.S.C. subtitle VII, 49 U.S.C. chapter 51, or any rule, regulation, or order issued under those statutes, should report the violation to FAA personnel."  14 C.F.R. § 13.2(a).  Mr. Asmus appears to concede that neither statute confers a private right of action but argues that "[t]hose statutes identify the federal duties, public policy framework, and protected operational role that United allegedly obstructed through its false narrative, punitive ban, and resulting interference with Plaintiff's performance of FAA responsibilities."  Opp. at 24–25.  This recharacterization does not change the obvious conclusion that he is attempting to privately enforce the duties set forth by those laws; to the extent he alleges that United has interfered with the performance of his employment with the FAA, that would be a state law claim for tortious interference with contractual relations (i.e., count two of the complaint).

The Court accordingly GRANTS United's motion to dismiss as to Mr. Asmus's tortious interference with federal duties claim.  Because the claim is based on federal laws that do not supply a private right of action, the Court finds that amendment would be futile and will not grant leave to amend the claim.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The motion is GRANTED IN PART and DENIED IN PART.

(2) The motion is GRANTED as to Mr. Asmus's claims for defamation (count one), tortious interference with contractual relations (count two), and intentional infliction of emotional distress (count five), which are DISMISSED WITH LEAVE TO AMEND.

(3) The motion is GRANTED as to Mr. Asmus's claims for fraudulent misrepresentation (count three),  civil assault (count six), and tortious interference with federal duties (count seven), which are DISMISSED WITHOUT LEAVE TO AMEND.

(4) The motion is DENIED as to Mr. Asmus's claim for civil extortion (count four).

(5) Mr. Asmus SHALL file an amended complaint within fourteen days of the date of this order. Amendment is limited to curing the defects identified in this order; no new claims or parties may be added without first obtaining leave of the Court.

(6) This order terminates ECF No. 7.

Dated:    July 2, 2026

_____
BETH LABSON FREEMAN
United States District Judge